# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NO. 06CR2414WQH |
|---|---|
| Plaintiff, | CASE NO. 08CV1404WQH |
| vs. | ORDER |
| KENNETH MALCOLM STAPLES, | |
| Defendant. | |

HAYES, Judge:

The matter before the Court is the Motion under 28 U.S.C. § 2255 to vacate, set aside, or correct sentence by a person in federal custody filed by Defendant. Defendant moves the court to modify his sentence on the grounds that his conviction on Count 11 for escape was unwarranted. The Court finds that the issues raised in the petition are appropriate for summary disposition.

## APPLICABLE LAW

28 U.S.C. §2255 provides that "A prisoner under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence." A district court must

summarily dismiss a § 2255 application "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing Section 2255 Proceedings for the United States District courts. When this standard is satisfied, neither a hearing nor a response from the government is required. *See Marrow v. United States*, 772 F.2d 525, 526 (9th Cir. 1985).

**RULING OF THE COURT**

In this case, the record conclusively shows that the Defendant Staples has waived his right to bring a § 2255 motion collaterally attacking his 45 months term of imprisonment. In the plea agreement, the Defendant waived "to the full extent of the law, any right to appeal or to collaterally attack the conviction and sentence ... unless the Court imposes a custodial sentence above the greater of the high end of the guideline range recommended by the United States pursuant to this agreement at the time of sentencing or statutory minimum term, if applicable." (Doc. # 78 at page 9-10.) This waiver is clear, express and unequivocal. Plea agreements are contractual in nature, and their plain language will generally be enforced if the agreement is clear and unambiguous on its face. *United States v. Jeronimo*, 298 F.3d 1149, 1153 (9th Cir. 2005). The parties agreed in the plea agreement to recommend a sentence of "27 months on Count 2 and 18 months on Count 11, a total of 45 months." (Doc. # 78 at 9). The Court imposed a sentence of 45 months. (Doc. #107). Pursuant to the terms of the plea agreement, the Defendant waived his right to collaterally attack the 45 months sentence imposed.

Finally, the Defendant presents no grounds for relief under Section 2255. Defendant Staples admitted at the time of his guilty plea that on or about February 14, 2007 he was lawfully in the custody of the Attorney General by virtue of his arrest on felony charges and that he unlawfully, willfully and knowingly attempted to escape from custody. (Doc. #78 at 4). These admitted facts are sufficient to support a conviction for escape of a prisoner in custody of an institution pursuant to 18 U.S.C. § 751(a).

IT IS HEREBY ORDERED that the Defendant's Motion under 28 U.S.C. § 2255 (Doc. # 119) to vacate, set aside, or correct sentence by a person in federal custody filed by

1  Defendant is denied.  IT IS FURTHER ORDERED that the Defendant's Application to
2  Proceed without prepayment of fees (Doc. # 120) is denied as moot.
3  DATED: August 7, 2008

   　　　　　　　　　　　　　　　　　　　　_William Q. Hayes_
   　　　　　　　　　　　　　　　　　　　　**WILLIAM Q. HAYES**
   　　　　　　　　　　　　　　　　　　　　United States District Judge